NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 4, 2014[*]
Decided November 4, 2014

**Before**

RICHARD D. CUDAHY, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 14-1820

| | |
|---|---|
| DE HANG CHEN,<br>    *Petitioner,* | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
|     *v.* | No. A099 605 222 |
| ERIC H. HOLDER, JR.,<br>Attorney General of the United States,<br>    *Respondent.* | |

**O R D E R**

De Hang Chen, a Chinese citizen, petitions for review from the denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. We dismiss the petition for lack of jurisdiction.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the petition is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Chen entered the United States without inspection, conceded his removability before an immigration judge, and, through counsel, sought asylum and related relief based on his wife's forced abortion, *see* 8 U.S.C. § 1101(a)(42). Chen acquired new counsel before his merits hearing, where he testified that his wife had been forced to undergo an abortion and that twice he had scuffled with a local village official in his native Fujian province. The IJ denied relief, finding Chen not credible—based on key inconsistencies between his testimony and written submissions—and his evidence insufficient to corroborate his testimony.

In his appeal to the Board of Immigration Appeals, Chen, through the same counsel, primarily challenged the adverse credibility finding, and he noted in one sentence that his application did not mention the altercations with the local official at his first lawyer's suggestion. The Board dismissed Chen's appeal, adding in a footnote that his contention about his first lawyer's advice "lack[ed] support in the record" because Chen had not asserted any claim of ineffective assistance.

Now represented by a third lawyer, Chen petitions for review before this court, arguing that his *second* lawyer ineffectively assisted him by not submitting an updated application or corroborating evidence and by not asking him to clarify his inconsistent testimony. But we lack jurisdiction to consider any claim relating to the alleged ineffective assistance of Chen's second counsel because Chen did not exhaust his administrative remedies before seeking judicial review. *See* 8 U.S.C. § 1252(d)(1); *Singh v. Holder*, 720 F.3d 635, 640 (7th Cir. 2013). Before presenting his ineffective-assistance claim to us, Chen first needed to present it to the Board, as in a motion to reopen, *see* 8 U.S.C. § 1229a(c)(7); *United States v. Arita-Campos*, 607 F.3d 487, 491–92 (7th Cir. 2010); such a motion would have allowed the Board to consider whether his second lawyer was ineffective, *see Matter of Lozada*, 19 I. & N. Dec. 637, 639 (BIA 1988). Although an issue is deemed exhausted if the Board addresses it on its own, *see Arobelidze v. Holder*, 653 F.3d 513, 517 (7th Cir. 2011), the Board's allusion in its footnote to the absence of a claim in no way constitutes exhaustion, *see Tian v. Holder*, 745 F.3d 822, 826 (7th Cir. 2014), and in any event Chen's reference before the Board was to his first lawyer, not the second lawyer of whom he complains here.

DISMISSED.